# Ezra B. McCagg, Executor, Defendant in Error, v. S. Rogers Touhy, Plaintiff in Error, and Catherine C. Touhy et al., Defendants in Error.

## Gen. No. 15,877.

RES JUDICATA—*when judgment on review binding.* Regardless of the time when a party is joined in a proceeding if his claim is taken cognizance of on review, he is bound by the judgment rendered.

Error to the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed November 20, 1911.

ADDISON BLAKELY, for plaintiff in error.

JOHN M. BLAKELY, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

With a persistency worthy of comment if not of commendation, the plaintiff in error in this cause attempts by this writ of error to secure another review in this court of an order entered by a judge of the Superior Court on September 30, 1907, against him jointly with Catherine C. Touhy (his mother, from whom he derived, by his own statements and those of his counsel in this litigation, the only color of title he has ever claimed in this litigation to the premises involved) and all persons claiming by, through or under them or either of them, for a writ of assistance to remove him and his mother and such persons from a corner of block 2 in Rogers Park. The order was entered in a foreclosure suit of Ezra B. McCagg as executor, etc., Catherine C. Touhy and others. From this order of September 30, 1907, Catherine C. Touhy appealed to this court. S. Rogers Touhy was her bonds-

man on the appeal bond. The solicitor who sued out this writ of error for S. Rogers Touhy was the solicitor who appeared for Catherine C. Touhy in the appeal. In the decision of that appeal we took cognizance of the claim of S. Rogers Touhy and affirmed the order. Under the circumstances he is bound by it, although he was first brought into this litigation by a petition for a writ of assistance filed in the above entitled cause by Jane Creigh Wells on July 13, 1905.

Both in answer to that petition and in the course of the proceedings on a later one, on which the order of September 30, 1907, was entered, S. Rogers Touhy claimed a right to the premises, which he seeks to retain under a lease from Catherine C. Touhy which expired September 10, 1905.

We do not consider that the plaintiff in error is in any position to claim that the court below was without jurisdiction to make the order complained of, nor that he is entitled to any further review of it. We might dismiss the writ of error properly enough, but we have also the power again to affirm the order, as we did in the judgment indicated in the opinion in McCagg v. Touhy, 150 Ill. App. 15.

Then there can be no longer doubt that it has been affirmed against S. Rogers Touhy as well as against Catherine C. Touhy.

*Affirmed.*